## COMMONWEALTH *vs.* BENJAMIN KIMBALL.

On the trial of an indictment charging the defendant with selling spiritous liquors without license, the docket and minutes of the county commissioners, before their records are made up, are competent evidence for the government; and if no license to the defendant appear on such docket or minutes, it is *primâ facie* evidence that he was not licensed.

An indictment was held good, which alleged that the defendant on, &c. at, &c., "he not being then and there first licensed as a retailer of wine and spirits, as provided by the forty seventh chapter of the revised statutes, did presume to be, and was, a retailer of wine, brandy, rum and spiritous liquors to one" [A. B.] "in a less quantity than twenty eight gallons, and that delivered and carried away all at one time," &c.

IN an indictment against the defendant, the several counts were in this form : " That said Kimball, on the 1st day of September 1842, at Haverhill, in said county of Essex, he not being then and there first licensed as a retailer of wine and spirits, as provided in the forty seventh chapter of the revised statutes of said Commonwealth, did presume to be, and was, a retailer of wine, brandy, rum and spiritous liquors to one " [here naming the person] " in a less quantity than twenty eight gallons, and that delivered and carried away all at one time ; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the court of common pleas, the clerk of the county commissioners was called as a witness to show that the defendant was not licensed pursuant to the Rev. Sts. *c.* 47, and testified as follows : " I am acting clerk of the county commissioners for Essex. I have the book in which I have made a certificate that no licenses were granted in 1842. I have just made that certificate. This is made from the docket, which is partly in my hand writing, and partly in the hand writing of Mr. Lambert, who acted as clerk of the commissioners two or three days of the April term 1842. While he thus acted, he kept the

docket. There is no attestation by him or any other person. The general record of the doings of the commissioners in April is not here, and is not made up. I cannot say certainly that the record of licenses is contained in that book, but think it is. My docket would not show all the oral motions which were made What was done by the commissioners at the April term 1842, when Mr. Lambert acted as clerk, I do not know."

This was all the evidence on the point. It was objected by the defendant, that this was not competent nor sufficient evidence of his want of a license ; but the court ruled that it was competent evidence, from which the jury would be authorized to find that the defendant was not licensed in pursuance of the Rev. Sts. *c.* 47.

The defendant requested the court to rule that the indictment was uncertain, vague and wholly insufficient to sustain a conviction, and to direct the jury so to consider it ; but the court ruled that the indictment was sufficient and certain in law, and refused to direct the jury as requested. The defendant was found guilty by the jury, and alleged exceptions to the rulings of the court.

*N. J. Lord & Hills,* for the defendant. The only competent evidence, to show that the defendant was not licensed, was the record of the commissioners, kept by the clerk. The certificate in the docket, signed by the clerk, is not a record. The general record, at the license term, should have been produced. Jenk. 25, pl. 48. *Leighton* v. *Leighton,* 1 Stra. 210. 1 Phil. Ev (4th Amer. ed.) 317. *Commonwealth* v. *Spring,* 19 Pick. 396.

The indictment is ill, for want of a direct allegation of a sale. *Commonwealth* v. *Thurlow,* 24 Pick. 374.

*Perkins,* for the Commonwealth. The testimony of the clerk was competent and sufficient to prove that the defendant was not licensed. His general record could not be produced, for it was not made up. His minutes, therefore, were the next best evidence. *Commonwealth* v. *Bolkom,* 3 Pick. 281. *Davidson* v. *Slocomb,* 18 Pick. 464. *Sayles* v. *Briggs,* 4 Met. 424. Greenl. on Ev. § 513. Roscoe Crim. Ev. (2d ed.) 158.

In *Commonwealth* v. *Thurlow,* cited for the defendant, the counts, which were held to be insufficient, merely alleged that the

defendant presumed to be a retailer, &c. without alleging a sale to any person. The present indictment alleges that the defendant was, on a certain day, a retailer to a person named. This is necessarily an allegation of a sale to that person, on that day ; although a different form of allegation might be preferable.

DEWEY, J. The first question raised in the argument of the present case is that of the competency and sufficiency of the evidence offered to sustain the allegation in the indictment, that the defendant was not duly licensed as a retailer of spiritous liquors.

That it is incumbent on the government to produce *primâ facie* evidence of that fact, although a question formerly of doubt, and one as to which there has been some diversity of decision in the different States, was settled to be the rule in this Commonwealth, in the case of *Commonwealth* v. *Thurlow*, 24 Pick. 374. It is however to be taken as the rule of law under the restrictions and limitations which the reasoning of the court, in the opinion given in that case, justifies and indeed requires. Evidence upon this point is said to be required of the government, because it is an averment that can be proved with great facility. But what evidence is easily produced ? It is the record, or memorandum, or minutes of the county commissioners in the matter of licenses to sell spiritous liquors. If a license has been granted to the defendant, it ought to be found stated in the documents above mentioned, or some of them ; and the law will presume, at least in the absence of contrary proof, that these records and minutes will show every case of the granting of licenses. It is this species of evidence which this court has held it reasonable that the government should be required to produce in proof of the nega tive averment that the defendant was not duly licensed. If the evidence be produced, so far as it exists, and if these records or minutes do not show the granting of a license, the government has discharged itself of the burden resting on it upon this point, and it is for the other party to control it by other evidence, if any other legal evidence exists, showing a license to have been granted.

What were the facts in the present case ? A book was

produced, which the government contended was the book in which were recorded all licenses granted by the county commissioners. Nothing appeared on this book indicating the granting of any license to the defendant. The docket was also produced, and there was no entry there of such license being granted. Another book, called in the argument the book of general records, it seems was not produced on this trial. But a very good reason was shown why it was not produced, viz. that it had no records in it covering the period which was the subject matter of the present inquiry ; the general record book not being yet made up to that period. The books and documents, which were offered, were shown to be the records, dockets and minutes, of the county commissioners, by the testimony of the clerk ; and thus far he was a competent witness.

Such minutes of a license, without an extended record, were held to be competent evidence to sustain an indictment against an innholder, charging him with a violation of duty as an innholder, in *Commonwealth* v. *Bolkom,* 3 Pick. 281; and it was there held, that " the judges of the court of sessions (whose jurisdiction is now transferred to the county commissioners) act merely as ministerial officers, and not as a court of record, and their minutes are sufficient evidence." Perhaps the duties required of the clerk by the Rev. Sts. *c.* 84, § 5, and *c.* 88, § 5, may somewhat modify the rule here stated. In the case of *Davidson* v. *Slocomb,* 18 Pick. 464, the effect to be given to minutes, memoranda and dockets, where no extended record had been made up, was the subject of the consideration of this court ; and it was there held, that the minutes and memoranda of a justice of the peace, who had died before making up his record, might be regarded substantially as a record, and were entitled to the same credit as the extended record would have been.

In the case before us, it would seem that the books, minutes and docket of the clerk, containing all the evidence that existed as to the granting of a license to the defendant to sell spiritous liquors, were produced. We give no particular effect to the certificate of the clerk, entered on the book, that " no licenses were granted in 1842." The books, minutes and dockets, if they

show, when produced, no license granted, furnish the *primâ facie* evidence which the law requires of the government upon this point.

In the opinion of the court, sufficient and competent evidence was here offered to establish, as far as the government was bound to do in the first instance, the negative allegation contained in this indictment, that the defendant was not licensed as a retailer of spiritous liquors.

The further question raised, in the present case, is as to the sufficiency of the counts, which charge that the defendant " on the 1st day of September in the year 1842, at Haverhill, he not being then and there first licensed as a retailer of wine and spirits, as provided in the forty seventh chapter of the revised statutes, did presume to be, and was, a retailer of wine, brandy, rum, and spiritous liquors to one [A. B.] in a less quantity than twenty eight gallons, and that delivered and carried away all at one time." The supposed defect is the want of averment of the sale to A. B. Such averment is necessary. *Commonwealth* v. *Thurlow*, 24 Pick. 374. Does the allegation, that the defendant was a retailer of spiritous liquors to A. B., charge a sale of spiritous liquors to A. B. ? We think that it does substantially allege a sale. To retail is to sell in small quantities. To retail to any particular individual is to sell to him in a small quantity. The expression is not one which is the best adapted to state this offence with the greatest precision and clearness, nor is it according to the most approved forms. It is not, however, such a defect as requires us to quash the indictment as insufficient. *Exceptions overruled.*